IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRIAN DAMBAUGH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 07-1132 |
| MYLAN BERTEK PHARMACEUTICALS, INC., f/k/a BERTEK PHARMACEUTICALS, INC., a Texas corporation; MYLAN PHARMACEUTICALS, INC., a Texas Corporation; MYLAN LABORATORIES, INC., a Pennsylvania corporation; CARDINAL HEALTH 409, INC., f/k/a R.P. SCHERER CORPORATION, and GENPHARM, a Canadian Corporation, | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## OPINION and ORDER OF COURT

### SYNOPSIS

In this civil action, initially filed in the Court of Common Pleas of Washington County, Pennsylvania, Plaintiff alleges that he suffered injuries as the result of using a prescription drug. He alleges claims against all Defendants for state law defective design, failure to warn, negligence, misrepresentation and fraud. This action was removed from state court pursuant to 28 U.S.C. § 1446, on grounds of diversity jurisdiction. One defendant, Mylan Laboratories, Inc. ("Mylan Labs"), is not diverse

1

from Plaintiff, and did not consent to the removal. Defendants, in their removal papers, allege that Mylan Labs was fraudulently joined, and therefore its citizenship may be disregarded. Plaintiff has now moved to remand this matter to state court, based on improper removal. The parties appear to agree that absent Mylan Labs as a Defendant, diversity jurisdiction exists.

## I. APPLICABLE STANDARDS

A removed case shall be remanded if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). In resolving a Motion to Remand, " the removal statute should be strictly construed, and all doubts should be resolved in favor of remand." Abels v. State Farm Fire & Cas. Co., 770 F. 2d 26, 29 (3d Cir. 1985). Moreover, "Congress is concerned that removal procedure be handled in a manner that promotes economy, convenience, and fairness." Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1216 (3d Cir. 1991).

> When a non-diverse party has been joined as a defendant, then in the absence of a substantial federal question the removing defendant may avoid remand only by demonstrating that the non-diverse party was fraudulently joined. But the removing party carries a "heavy burden of persuasion" in making this showing.

Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992).

"[J]oinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990). "[I]f there is even a possibility that a state court would find that the complaint states a cause of action

2

against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." Id.

In assessing whether joinder is fraudulent, the Court of Appeals for the Third Circuit has cautioned that a district court may engage in a "limited piercing" of the pleadings, but must take care not to "step[] from the threshold jurisdictional issue into a decision on the merits." Id. at 112. The court may, therefore, take a "limited" look outside the pleadings, into matters subject to judicial notice, or matters established in prior court proceedings. In re Briscoe, 448 F.3d 201, 220 (3d Cir. 2006). "In evaluating the alleged fraud, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed. In so ruling, the district court must assume as true all factual allegations of the complaint." Batoff, 977 F.2d at 851-52.

## II. PLAINTIFF'S MOTION

In this case, Plaintiff's Complaint alleges that Defendants, including Mylan Labs, were involved in the design, manufacture, sale, or distribution of the drug at issue. Defendant has submitted the affidavit of counsel for Mylan Labs, which contends that Mylan Labs is a holding company that "operated through" three principal subsidiaries, including Mylan Pharmaceuticals, Inc., a distributor of the drug. The affidavit states that Mylan Labs was not in the business of manufacturing, promoting, developing, selling, or distributing the drug. Therefore, Defendants assert, Plaintiff cannot state a colorable claim against Mylan Labs, and thus exists fraudulent joinder.

3

I must, however, reject this argument. As Plaintiff suggests, for example, the affidavit does not conclusively demonstrate the entire pertinent universe of Mylan Labs' involvement with the distributing subsidiary and the drug. Under these circumstances and at this stage in the litigation, to allow this affidavit to defeat Plaintiff's Complaint and create federal jurisdiction would go far beyond the "limited look" permitted by our Court of Appeals, and subvert the limited role of both judge and removal procedure. Instead, it would be akin to conducting a summary judgment inquiry, or a converting of Defendant's request into a motion to dismiss, which is frowned upon. See, e.g., Briscoe, 448 F.2d at 218; Ingemi v. Pelino & Lentz, 866 F. Supp. 156, 160 n. 7 (D.N.J. 1994).

## CONCLUSION

Under all applicable standards, I cannot find that Mylan Labs was fraudulently joined as a matter of law or fact. There is a possibility, following discovery, that a state court would find that the complaint states a cause of action against Mylan Labs. Cf., e.g., City of Philadelphia v. Hotels.com, No. 05-4391, 2005 U.S. Dist. LEXIS 23354, at **8-10 (E.D. Pa. Oct. 11, 2005). Defendants have not met the heavy burden imposed upon them in this matter. Therefore, I am without jurisdiction to entertain Plaintiff's Complaint, and will grant the remand request. An appropriate Order follows.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER OF COURT

AND NOW, this **13th** day of November, 2007, it is ORDERED that Plaintiff's Motion to Remand (Docket No. [12]) is GRANTED, and this matter is remanded forthwith to the Court of Common Pleas of Washington County, Pennsylvania, for further proceedings. This case is marked closed.

BY THE COURT:

/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge